# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUPERIOR ENERGY SERVICES, L.L.C.** | * | CIVIL ACTION 08-3883 "C-5" |
| | * | |
| versus | * | HON. HELEN G. BERRIGAN |
| | * | |
| **BORDELON MARINE, INC., in personam** | * | MAG. ALMA L. CHASEZ |
| **and the M/V SARA BORDELON, in rem** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 9) and defendant's Motion for Summary Judgment (Rec. Doc. 13.) Plaintiff seeks partial summary judgment as to defendants' liability. Defendant seeks summary judgment as to plaintiff's contractual obligation to "release, defend, indemnify, and hold [defendant] harmless." (Rec. Doc. 13.) The motions were taken under advisement without oral argument. Based on the memoranda by parties, the record in this case, and the applicable law, the Court DENIES both motions for the following reasons.

### I. BACKGROUND

This matter arises out of an accident between the M/V Bordelon (owned by defendant) and the M/V Dixie Legacy (owned by plaintiff) on July 8, 2007. At the time of the accident, the M/V Dixie Legacy, a liftboat owned by Superior Energy Services, was "jacked up, so as to be stationary on the waterbottom of the Gulf of Mexico." (Rec. Doc. 9-3 at 2.) Plaintiff alleges that the M/V Bordelon struck the starboard side of the M/V Dixie Legacy in the course of delivering

potable water to the liftboat. (Id.) Both plaintiff and defendant appear to be Chevron sub-contractors.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n*.,

497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

    1.    *Plaintiff's Motion for Summary Judgment*

Plaintiff seeks summary judgment as to defendant's liability based on the legal presumption that "[w]hen a moving vessel collides with an anchored vessel or a fixed object, there is a presumption the moving vessel is at fault." *Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co.*, 377 F.2d 724, 726 (5th Cir. 1967). "The presumption suffices to make a prima facie case of negligence against the moving vessel." *Id*. "The burden is heavily upon the vessel asserting such a defense." *Id*. A party may rebut the presumption by "proving inevitable accident or Act of God."*James v. River Parishes Co., Inc.*, 686 F.2d 1129, 1132 (5th Cir. 1982) "The vessel must show that the accident could not have been prevented by "human skill and precaution and a proper display of nautical skills." *Id*. (internal quotations omitted.)

In the instant matter, plaintiff claims that defendant's moving vessel struck plaintiff's stationary liftboat and that therefore the presumption applies. Defendant argues that plaintiff's own activity log indicates operations on the liftboat were shutdown due to bad weather. (*See* Exhibit F, Rec. Doc. 36-10 at 3.) Defendant fails to provide any other supporting evidence of bad weather, but notes that discovery in this matter is incomplete.[1] Evidence of bad weather is rightfully considered in assessing whether or not the presumption has been rebutted. *See Brown & Root Marine Operators, Inc.,* 377 F.2d at 725-726 (affirming trial court holding that weather

---

[1] Indeed, the Court recently granted a continuance of the trial date for this matter based on continuing discovery between the parties.

did not cause an inevitable accident). As such, the Court finds a ruling on plaintiff's motion for partial summary judgment is premature. Plaintiff's motion for partial summary judgment is DENIED WITHOUT PREJUDICE pending further discovery between the parties.

**B. Contract Interpretation Standard**

In Louisiana, "contracts have the effect of law for the parties." La. Civ.Code art.1983. Under La. Civ.Code art. 2045: "Interpretation of a contract is the determination of the common intent of the parties." The interpretation of an unambiguous contract is an issue of law for the court to decide. *Amoco Production Co. v. Texas Meridian Resources Exploration Inc.,* 180 F.3d 664, 668 (5th Cir.1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ.Code art.2046.

*1. Defendant's Motion for Summary Judgment*

Defendant argues that the Master Services Agreement ("the Agreement") specifically requires plaintiff to "release, defend, indemnify, and hold [defendant] harmless" for losses to plaintiff's property.[2] (Rec. Doc. 13.) Plaintiff contends that the Agreement does not apply to the operation of the M/V Dixie Legacy. Instead, plaintiff argues that the Blanket Time Charter ("the Charter"), executed on the same day as the Agreement and under which plaintiff is not required

---

[2] Both plaintiff and defendant appear to be Chevron sub-contractors. The Master Services Agreement between plaintiff and Chevron states plaintiff will hold Chevron's other sub-contractors harmless so long as the other sub-contractor at issue has a reciprocal clause in their agreement with Chevron. Defendant claims that since its contract with Chevron contains this reciprocal indemnification clause, plaintiff is required to hold defendant harmless.

to indemnify defendant, governs the operation of the liftboat.

To determine whether the Agreement applies to the operation of plaintiff's liftboat is a matter of pure contract interpretation. Plaintiff incorrectly argues that the purpose of the Agreement is "to furnish onshore and offshore oil well services and products." (Rec. Doc. 26 at 9.) The above-quoted language is actually a description of plaintiff Superior as a party to the Agreement and not the purpose of the entire Agreement. (See Ex. A, Rec. Doc. 13-6 at 2.) Indeed, the actual purpose of the Agreement is not clearly stated anywhere in the text.

The Charter, in contrast, has a clearly defined purpose regulating the hire of plaintiff's vessels by Chevron. (Ex. 1, Rec. Doc. 26-3 at 1.) In addition, the Confirmation of Hire for the liftboat at issue in this case, the M/V Dixie Legacy, specifically references and incorporates by reference "that certain time charter agreement" between plaintiff and Chevron. (Exh. 4, Rec. Doc. 26-6 at 1.) Accordingly, the Court finds that the Charter applies to the hiring and operation of the M/V Dixie Legacy.

It is not necessary to determine whether or not the Agreement also applies to the operation of the liftboat, thereby creating an ambiguity between the indemnification provisions of the two instruments. It is a general tenet of contract interpretation in Louisiana that "the specific controls the general." *Boh Bros. Const. Co., L.L.C. v. State ex rel. Dept. of Transp. and Development* 2009 WL 837701, 3 (La.App. 1 Cir. 2009). In this case, the Charter applies to a specific arena of interactions between plaintiff and Chevron, namely the hiring of vessels. The Charter contains specific indemnification provisions relative to those interactions. Even if the Agreement also applied, since it does not state a specific purpose, the Agreement may be considered the more "general" of the two contracts. Although the indemnification provisions of

the Agreement may govern generally, the indemnification provisions of the Charter govern in those situations where a vessel is hired pursuant to the Charter. Accordingly, defendant's motion for summary judgment is DENIED.

III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED that plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 9) is DENIED WITHOUT PREJUDICE and defendant's Motion for Summary Judgment (Rec. Doc. 13) is DENIED WITH PREJUDICE.**

New Orleans, Louisiana, this 1st day of May, 2009.

**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**