# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUPERIOR ENERGY SERVICES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3883** |
| **BORDELON MARINE, INC.,** *in personam* and the M/V SARA BORDELON, *in rem* | **SECTION: "C" (5)** |

## ORDER AND REASONS[1]

Before the Court is a Motion for Reconsideration, filed by Defendant Bordelon Marine, Inc. ("Bordelon"), requesting that the Court rescind its prior decision denying its Motion for Summary Judgment. Rec. Doc. 66. Defendant's Motion for Reconsideration is denied for the following reasons.

## I. BACKGROUND

This matter initially arose out of an accident between the M/V Bordelon (owned by defendant) and the M/V Dixie Legacy (owned by plaintiff) on July 8, 2007. Rec. Doc. 65. The defendant sought summary judgment, arguing that the Master Services Agreement ("the Agreement") specifically required plaintiff to "release, defend, indemnify, and hold [defendant] harmless" for losses to plaintiff's property. Rec. Doc. 13. This Court denied defendant's Motion for Summary Judgment with prejudice. Rec. Doc. 65 at 6.

## II. LAW & ANALYSIS

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this opinion.

With regards to defendant's motion for summary judgment, the Court explained that the Blanket Time Charter, and not the Master Services Agreement, applies to the hiring and operation of the M/V Dixie Legacy. Rec. Doc. 65 at 5. The Court further explained that even if the Agreement also applied, it may be considered the more "general" of the two contracts and that therefore, the indemnification provisions of the Charter govern in those situations where a vessel is hired pursuant to the Charter. *Id.*

In its Motion for Reconsideration, Defendant first argues that additional rules of contract interpretation apply, Rec. Doc. 66-2 at 2, and that both maritime law and Louisiana law require that one give effect to all terms of a contract. *Id.* at 3. Defendant's second argument is that Bordelon seeks protection under only one contract–the master services contract between Chevron and Superior, and that therefore the Court should not even consider plaintiff's argument that another contract governs. *Id.* at 6. Finally, defendant argues that if the Court is not inclined to fully rescind its decision, it should at least remove the "with prejudice" qualification so that discovery can continue and so the litigation can move forward. *Id.* at 7.

The plaintiff filed an opposition to defendant's motion to reconsider, arguing that no new issues of fact or law are raised. Rec. Doc. 71 at 1. Plaintiff argues that Bordelon's Motion for Reconsideration is "merely the restyling and reiteration of arguments previously rejected by this Court" and that therefore, this Court should deny defendant's Motion for Reconsideration. *Id.*

It is a general tenet of contract law that "the specific controls the general" in maritime and Louisiana law. *Boh Bros. Const. Co., LLC v. State Exrel. Dept. Of Transp. & Development*, 2009 WL 837701, 3 (La. App. 1 Cir. 2009). *See also Federal Ins. Co. v. Great White Fleet (US) Ltd.*, 2008 WL 2980029 (S.D.N.Y. 2008)(*citing J. Aron & Co. v. the Askvin*, 267 F.2d 276 (2nd

2

cir. 1959)). As such, the Court remains convinced that the Charter governs the hiring and operation of the M/V Dixie Legacy and any damages arising therefrom. Obligations to defend and indemnify must be explicitly stated and are strictly construed. *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981). As the Charter does not provide for indemnification of other Chevron sub-contractors, Superior is not contractually obligated to indemnify Bordelon as a Chevron sub-contractor. Last, this ruling is a pure matter of law and therefore Bordelon's argument that additional discovery is required is not applicable.

A motion for reconsideration performs a valuable, but limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788 (C.A.5 (La.)). Bordelon fails to show that there was "manifest error of law or fact" in denying its original Motion for Summary Judgment.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant's Motion for Reconsideration is DENIED.

New Orleans, Louisiana, this 19th day of August, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**